905 So.2d 246 (2005)
Joseph WOODS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4993.
District Court of Appeal of Florida, Fourth District.
June 22, 2005.
*247 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
BROWN, LUCY CHERNOW, Associate Judge.
In this case we are called upon to decide whether the trial court erred in denying appellant's motion for mistrial when a police officer testified that appellant was a wanted robbery suspect, in violation of a pretrial order in limine. We find error and reverse as explained below.
Appellant, Joseph Woods ("Woods"), appeals his conviction for aggravated fleeing and eluding police officers. Woods was wanted by the Lauderhill Police Department as a robbery suspect, and officers were provided a picture of him with directions to detain him if they found him. Once law enforcement officers located Woods, they attempted to detain him by activating the lights and sirens in their police cars. Woods failed to stop when instructed to do so, and he led police officers on a chase, accelerating through a stop sign before he ultimately stopped.
Before trial, defense counsel moved in limine to preclude any reference to the fact that Woods was a robbery suspect. The prosecutors agreed that such evidence should not be admitted and the trial court granted the pretrial motion in limine, precluding any reference to the fact that Woods was a robbery suspect.
During trial, Officer Lagastra testified, "I heard Officer Manchola call out that he was possibly behind the robbery suspect vehicle...." Defense counsel inexplicably failed to hear the comment. Accordingly, no objection was made at that time. The remark, however, did not elude Woods, who advised his attorney approximately three hours later, after the jury had begun deliberations. Defense counsel then verified with the court reporter that the remark had in fact been made and immediately moved for a mistrial. The motion was denied; the jury found Woods guilty of aggravated fleeing and eluding police officers, Woods was convicted and timely appealed.
A criminal defendant bears the burden of demonstrating that prejudicial error occurred and that the error was preserved in the trial court. Goodwin v. State, 751 So.2d 537 (Fla.1999). Here, trial counsel moved for a mistrial as soon as he learned of the improper comment. The *248 jury had not yet returned its verdict. Under these facts, the error was preserved for appeal.
Once the appellant has demonstrated preserved prejudicial error, the State bears the burden to prove, beyond a reasonable doubt, that the impact of the error, in light of the overall strength of the case and the defenses asserted, could not have affected the verdict. Goodwin at 545. We are unable to conclude beyond a reasonable doubt that the impact of Officer Lagastra's erroneous reference to appellant as a robbery suspect could not have affected the jury's verdict in this case.
Accordingly, the appellant's conviction is REVERSED and the case is REMANDED for new trial.
FARMER, C.J., and STEVENSON, J., concur.